IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:23-cr-00106-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7. ALBERTO CERVANTES-SALAZAR,

    Defendant.

## ORDER

Before the Court is Defendant Alberto Cervantes-Salazar's Motion Dismiss the indictment with prejudice (ECF No. 179 at 1). For the following reasons, the Court DENIES Defendant's motion.

### I. BACKGROUND

Defendant was arrested on February 2, 2023, in a "Buy Bust" enforcement operation concerning suspected fentanyl pills and methamphetamine in Aurora, Colorado (ECF No. 179-1 at 1; ECF No. 179-3 at 1). After being taken into custody, Defendant was informed about the significances of the charges he faced, and the fact that "he would be getting turned over" to Immigration and Customs Enforcement ("ICE") for detention (ECF No. 179-4 at 2; *see also* ECF No. 179-5 at 2). Defendant was to be held in ICE custody "pending FBI indictment" (ECF No. 179-5 at 3). ICE also transported Defendant to be held on immigration charges (ECF No. 179-4 at 3).

1

Defendant was previously arrested and convicted for illegal entry—as well as illegal re-entry—and removed several times (ECF No. 179-5 at 2–3). He reported having last "entered the United States illegally . . . on or around May 2021" (*id.* at 3; *see also* ECF No. 179-6 at 1). On February 2, 2023, the same day he was arrested, ICE reinstated a prior removal order (*see* ECF No. 179-5 at 1; ECF No. 179-6 at 1). He was also fingerprinted (ECF No. 179-5 at 1). Ultimately, ICE concluded that Defendant was "removable . . . subject to removal by reinstatement of the prior order," based on his immigration history and illegal re-entry into the United States (ECF No. 179-6 at 1). Defendant signed a statement indicating that he did not "wish to make a statement contesting this determination" on February 2, 2023 (*id.*).

On March 15, 2023, the government filed a complaint alleging that Defendant violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi). An arrest warrant was issued that day. Defendant had his initial appearance on March 23, 2023. On April 5, 2023, an indictment issued. Defendant filed the instant dismissal motion on July 5, 2023. The motion is fully briefed.

## II. LEGAL STANDARD

Under the Speedy Trial Act (the "Act"), any "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3161(b). "Offense" means "any Federal criminal offense" other than petty offenses or certain enumerated offenses. 18 U.S.C. 3172(2). If the government fails to comply with § 3161(b)'s thirty-day limit, the Act requires dismissal of "charges in the complaint, with or without prejudice." *United States v. Pasillas-Castanon*, 525 F.3d 994, 996–97 (10th Cir. 2008) (citing § 3162(a)(1)). "[A]rrests connected to civil matters do not trigger the Speedy Trial Act." *Id.* at 997. "Deportation proceedings are civil matters." *Id.* at 997.

## III. ANALYSIS

Having considered the parties' submissions, attendant exhibits, the case file, and relevant legal authority, the Court denies Defendant's dismissal motion.[1]

### A. The Act's Requirements & Ruse Exception

Defendant makes two primary arguments regarding the alleged violation of the Act and why dismissal of the indictment is warranted. First, Defendant argues that the Court must dismiss the indictment because the complaint and indictment were filed outside the Act's thirty-day timeframe (*see, e.g,* ECF No. 179 at 3). *See also* § 3161(b). Second, Defendant argues that application of the "ruse" exception compels dismissal, given that the government intended to prosecute him upon arrest but used ICE to detain him for purposes of later criminal prosecution (*see id.* at 3–4). The government contends that Defendant's civil ICE detention for immigration violations does not implicate or run afoul of the Act's requirements, and the "ruse" exception is inapplicable (*see, e.g.,* ECF No. 191 at 3–4). The Court agrees with the government, considering and rejecting Defendant's arguments in turn.

***The Act's Thirty-Day Requirement.*** The gravamen of Defendant's first argument is that he was arrested by federal authorities for a federal offense on February 2, 2023, and turned over the ICE for holding, but that—in violation of the Act—a "complaint was not filed for 41 days and an indictment was not filed for 62 days" after his arrest (ECF No. 179 at 3, 5; *see also* ECF No. 194 at 3). But, given the fact and nature of Defendant's ICE detention, any inquiry regarding the

---

[1] Defendant requests an evidentiary hearing to provide "additional evidence" to "support the relief requested" in his dismissal motion (ECF No. 179 at 14; ECF No. 194 at 10). However, in making this request, Defendant has not identified any material factual disputes in the record—at most, Defendant seeks to provide a complete copy of his Case Management file "referenced by the government" in its Response (*see* ECF No. 194 at 10; ECF No. 191 at 8). *See also United States v. Saucedo*, 956 F.3d 549, 554 (8th Cir. 2020); *United States v. Haynes*, 958 F.3d 709, 714 (8th Cir. 2020). For this reason, the Court denies Defendant's request for an evidentiary hearing, and resolves Defendant's dismissal motion on the parties' written submissions and attendant exhibits. *See United States v. Taborda-Reales*, 2021 WL 1565538, *1 (D.P.R. Apr. 20, 2021); *United States v. Cooley*, 63 F.4th 1173, 1176 (8th Cir. 2023).

Act's thirty-day requirement demands more than a straightforward accounting of time passed from the date of Defendant's arrest by federal officials through the date that the complaint and indictment were filed (*see, e.g.,* ECF No. 191 at 4). *See also United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir. 1994) (determining that although federal agents "initially detained" defendants as a result of events "flowing from federal investigation" that "there was no federal arrest for § 3161(b) purposes" because "the federal authorities immediately turned [defendants] over to state authorities for state prosecution"); *United States v. Stolica*, No. 09-CR-30047-DRH, 2010 WL 345968, at *1 (S.D. Ill. Jan. 26, 2010).[2] As Defendant acknowledges, the government "immediately relinquished" him to ICE for holding on the same day that it arrested him, and ICE promptly reinstated a prior removal order (*see, e.g.,* ECF No. 179 at 2; ECF No. 179-5 at 1; ECF No. 179-6 at 1). *Benitez*, 34 F.3d at 1494. Therefore, the Court agrees with the government that, given Defendant's ICE detention and the initiation of removal proceedings against him, which are civil in nature, there was no Act violation simply because the complaint and indictment were filed outside the Act's thirty-day timeframe following Defendant's arrest by federal officials (*see* ECF No. 191 at 4). Fundamentally, it is not dispositive in this case for Speedy Trial purposes that Defendant was arrested by federal officials, and the complaint and indictment were filed over thirty days later.

---

[2] Defendant emphasizes *Benitez*'s and *Stolica*'s factual distinctions (ECF No. 194 at 4). For example, the defendants in *Benitez* were "turned over" to state authorities for state prosecution, rather than to immigration authorities for immigration removal proceedings. 34 F.3d at 1494. But *Benitez* did not cabin its § 3161(b) determination to that exclusive factual context. *See id.* Accordingly, the Court rejects Defendant's argument that *Benitez* and *Stolica* are unpersuasive or inapplicable in the Court's analysis of whether an Act violation occurred based on Defendant's ICE detention (ECF No. 194 at 4–5). *See also United States v. Cepeda-Luna*, 989 F.2d 353, 356 (9th Cir. 1993) (stating that the "fact that criminal authorities may have played some role in [an] initial detention does not necessarily mandate the application of the Speedy Trial Act to civil detentions," and that the Ninth Circuit "has repeatedly declined to apply the Speedy Trial Act in situations where the defendant's detention is not pursuant to federal criminal charges, even though federal criminal authorities may be aware of and even involved with that detention" (citations omitted)).

***The Ruse Exception.*** Regarding Defendant's second argument, he contends that dismissal is warranted because he was "held in ICE custody for purposes of his federal prosecution" (ECF No. 179 at 6). Fundamentally, Defendant argues that his ICE civil detention was a ruse for his eventual prosecution (*id.*). The government argues the ruse exception is inapplicable in this case because ICE had a lawful basis for Defendant's detention, and that ICE took meaningful steps toward his deportation (ECF No. 191 at 5, 7). The Court agrees with the government.

As noted above, the Act demands an indictment generally must be filed within thirty days of a defendant's arrest. *See* § 3161(b). The Tenth Circuit recognizes a "ruse" exception to the "usual rules regarding when the Speedy Trial Act's dates are triggered." *Compare United States v. Buzzard*, No. 21-CR-00351-GKF-3, 2023 WL 2967887, at *4 (N.D. Okla. Apr. 17, 2023) (citing *Pasillas-Castanon*, 525 F.3d at 994); *with* § 3161(b), *and* § 3162(a)(1). Although civil detentions do not ordinarily trigger the Act, "they may activate it when law enforcement authorities collude with" civil officials to detain a defendant as a "ruse" for later criminal prosecution. *Pasillas-Castanon*, 525 F.3d at 997 (citation omitted); *see also id.* ("[T]he Speedy Trial Act cannot be evaded through sham civil proceedings.").

The ruse exception "is not easily triggered." *Id.* at 998. The exception applies "only when a defendant demonstrates that the *primary or exclusive purpose* of a civil detention was to hold the defendant for future criminal prosecution." *Id.* (quotations omitted) (original emphasis). "[I]f the detaining authorities have a lawful basis for their civil detention, a defendant is not entitled to invoke the exception." *Id.* A defendant must also show that government officials acted in bad faith. *Buzzard*, 2023 WL 2967887, at *4 (citing *Pasillas-Castanon*, 525 F.3d at 998 n.1); *United States v. Asfour*, 717 F. App'x 822, 826 (10th Cir. 2017). A defendant bears the "heavy burden" of

5

showing that the ruse exception applies. *Asfour*, 717 F. App'x at 826; *see also Pasillas-Castanon*, 525 F.3d at 998.

Defendant has failed to meet his heavy burden of showing that the ruse exception, which is not "easily triggered," applies. *Pasillas-Castanon*, 525 F.3d at 998; *Asfour*, 717 F. App'x at 826. After his arrest, ICE transported Defendant to be held on immigration charges related to his prior removals, and ICE ultimately reinstated Defendant's prior removal order (ECF No. 179-4 at 3; ECF No. 179-5 at 1; ECF No. 179-6 at 1). These facts demonstrate that ICE had a "lawful basis for their civil detention" and pursued deportation proceedings against him based on his documented history of illegal entry and re-entry. *Pasillas-Castanon*, 525 F.3d at 998; *see also id.* (concluding that the ruse exception did not apply where evidence showed "that ICE had a lawful basis for holding [defendant] and actively pursued deportation proceedings against him").[3]

Defendant cites and summarizes several cases in support of his argument that his civil ICE detention was for the primary or exclusive purpose of future criminal prosecution (*see* ECF No. 179 at 6–11). But these cases contain material factual distinctions and fail to persuade that the ruse exception applies in this case. *Cf. United States v. Quinones*, No. CRIM.A. H-13-391-1, 2013 WL 4482909, at *4 (S.D. Tex. Aug. 19, 2013) ("There is no indication of *any steps* after the referral to the Asylum Office on May 19 toward resolving the credible-fear issue." (emphasis added)); *United States v. Restrepo*, 59 F. Supp. 2d 133, 139 (D. Mass. 1999) ("[T]he INS used the period of [the

---

[3] Defendant contends that ICE did not meaningfully move forward with his removal (ECF No. 194 at 7; *see also* ECF No. 179 at 9). The Court disagrees. Although Defendant was not ultimately removed, ICE initiated removal proceedings and took meaningful steps toward his removal. For instance, Defendant was fingerprinted on February 2, 2023—the date of his arrest—and these fingerprints were submitted for comparison against fingerprint data collected from Defendant in prior removal proceedings, and ICE allocated and manifested a seat on a removal flight for Defendant (*see* ECF No. 191-2 at 13; ECF No. 191-3 at 1; ECF No. 191-4). At bottom, the Court is unpersuaded by Defendant's contention that ICE "simply never intended to remove [him]" (ECF No. 194 at 6). Indeed, the record demonstrates that ICE's "Final Order Date" was February 2, 2023, that ICE ordered Defendant removed, and that ICE intended to "proceed with removal" (ECF No. 191-4 at 1 (capitalization omitted)).

defendant's] detention *solely* to prepare criminal charges based on the conduct for which he was civilly detained." (emphasis added)); *United States v. Vasquez-Escobar*, 30 F. Supp. 2d 1364, 1367 (M.D. Fla. 1998) ("[T]he government admits that it was not holding him to effectuate his deportation . . . . Instead, it held him . . . specifically to provide the government the time and evidence necessary to establish his 'guilt beyond a reasonable doubt' for an identical criminal charge . . ." (citations omitted)). These cases provide minimal support for Defendant's position that the *primary or exclusive* purpose of his civil ICE detention was to further his federal criminal prosecution, especially where ample evidence demonstrates that ICE initiated its own removal proceedings against Defendant based on his prior entries and re-entries (ECF No. 179-4 at 3; ECF No. 179-5 at 1; ECF No. 179-6 at 1). *Cf. Pasillas-Castanon*, 525 F.3d at 998 ("There *must* be evidence showing the detention is for the *primary or exclusive* purpose of furthering the criminal prosecution." (emphases added)).  Indeed, Defendant acknowledges that on the same day he was "turned over" to ICE, he was served with a "Notice of Intent/Decision to Reinstate Prior Order of Deportation," and that his removal order was reinstated (ECF No. 179 at 10).[4]

To be sure, federal law enforcement officials arrested Defendant and ICE detained him prior to the filing of the complaint and indictment. But in doing so, ICE moved forward with Defendant's deportation, and reinstated its removal order against him.[5] Accordingly, given the

---

[4] To the extent that Defendant argues the ruse exception applies based on ICE's awareness of Defendant's pending federal indictment, this is insufficient to render the ruse exception applicable (*see* ECF No. 179 at 10; ECF No. 194 at 6). *See also Pasillas-Castanon*, 525 F.3d at 998 ("The mere fact that the detaining authorities are aware other potential criminal charges are available does not trigger the exception."); *United States v. Guevara-Umana*, 538 F.3d 139, 142 (2d Cir. 2008) (finding no "collusion for the purpose of evading" the Act where immigration authorities investigating defendant's re-entry "also collaborated with the U.S. Attorney's Office for the purposes of a criminal investigation").

[5] According to Defendant, ICE unnecessarily prolonged his detention, further demonstrating that his detention was a ruse (ECF No. 194 at 7). The pace at which ICE conducted its removal investigations and proceedings, however, fails to demonstrate that Defendant's detention was a ruse for Speedy Trial purposes, especially where, as discussed above, ICE had a "valid reason to detain [Defendant]," the basis for his civil detention and removal was "unrelated to the criminal charges," and ICE took steps toward removing Defendant after he was placed into ICE's custody on February 2, 2023. *United States v. Ortiz-Lopez*, 24 F.3d 53, 55 (9th Cir. 1994); *Pasillas-Castanon*, 525 F.3d at 998 (concluding that ruse exception did not apply where evidence showed ICE had lawful basis for holding defendant and "actively

7

nature of Defendant's civil ICE detention and the initiation of removal proceedings against him, Defendant has failed to meet his heavy burden of showing that his detention was a ruse that triggered the Act's requirements. *See Pasillas-Castanon*, 525 F.3d at 997–98; *Asfour*, 717 F. App'x at 826; *Stolica*, 2009 WL 4673893, at *1.[6]

### B. Federal Rule of Criminal Procedure 5(a)

Defendant contends that the government violated Federal Rule of Criminal Procedure 5(a) because he was not brought before a magistrate judge or other judicial officer without unnecessary delay (ECF No. 179 at 11). The government argues that it did not violate Rule 5(a) (ECF No. 191 at 10). The Court agrees with the government.

Federal Rule of Criminal Procedure 5(a)(1)(A) provides that a "person making an arrest within the United States" must take the defendant before a magistrate judge or state or local judicial officer "without unnecessary delay." However, "detentions attendant to deportation proceedings are civil in nature; they do not implicate Rule 5(a), which only governs criminal arrests." *United States v. Noel*, 231 F.3d 833, 837 (11th Cir. 2000) (citations omitted); *United States v. Dyer*, 325 F.3d 464, 470 (3d Cir. 2003) ("[Rule] 5(a) only applies to criminal arrests, it does not apply to INS civil detention." (citations omitted)); *United States v. Perez-Perez*, 337 F.3d 990, 997 (8th Cir. 2003) ("Civil deportation proceedings do not trigger the criminal rules of procedure, including Rule 5(a)." (citations omitted)). As discussed above, Defendant's detention was civil—not criminal—in nature, and his civil detention was not a ruse for criminal prosecution. Therefore,

---

pursued deportation proceedings against him"); *United States v. Patlan*, No. 1:09cr214 (JCC), 2009 WL 1795368, at *3 (E.D. Va. June 22, 2009), *aff'd*, 383 F. App'x 299 (4th Cir. 2010).

[6] The parties dispute the relevance of Defendant Abymalec Alvarez-Miranda's removal in the Court's analysis (*compare* ECF No. 191 at 6, *with* ECF No. 194 at 9). The Court need not determine the relevance of Defendant Alvarez-Miranda's deportation, given that the record regarding Defendant's own civil detention and removal proceedings demonstrates that the ruse exception is inapplicable.

Federal Rule of Criminal Procedure 5(a) does not apply to Defendant's ICE detention, and his ICE detention did not violate Rule 5(a). *See, e.g., Perez-Perez*, 337 F.3d at 997.[7]

### C. Dismissal with Prejudice

Defendant seeks dismissal of the indictment with prejudice (ECF No. 179 at 11). The government contends that dismissal is unwarranted, in part because there has been no underlying Act violation (ECF No. 191 at 10). The Court agrees with the government. As discussed above, Defendant's detention was civil in nature, not a ruse for his criminal prosecution, and there has been no violation of the Act's requirements. Accordingly, the Court need not address Defendant's prejudice arguments. *Patlan*, 2009 WL 1795368, at *4 ("Defendant requests that, if the Court finds that the Speedy Trial Act was violated, it dismiss the indictment with prejudice. The Court finds that it is unnecessary to address a remedy because it has found no violation of the Speedy Trial Act."); *cf. United States v. Kuciapinski*, No. 18-cr-429-WJM, 2022 WL 3081928, at *16 (D. Colo. Aug. 3, 2022) (determining whether dismissal of superseding indictment with or without prejudice was warranted after "having reached [the] conclusion" that Act was violated).

## IV. CONCLUSION

Consistent with the above analysis, Defendant Alberto Cervantes-Salazar's Motion to Dismiss (ECF No. 179) is DENIED.

DATED this day of August 7, 2023.

---

[7] Defendant seeks dismissal of the indictment based on the government's alleged Rule 5(a) violation (ECF No. 179 at 11). There is no Rule 5(a) violation. Regardless, the Court notes that dismissal of the indictment is an inappropriate remedy under Rule 5(a). *See Dyer*, 325 F.3d at 470 n.2 ("[E]ven if the government had violated [Rule] 5(a), the remedy for such a violation is not dismissal of the indictment. Rather, since the provisions of [Rule] 5(a) are procedural, not substantive, the sanction imposed by federal courts for failure to comply with Rule 5(a) is suppression of statements taken during the period of 'unnecessary delay.'" (quotations omitted)); *United States v. Garcia-Echaverria*, 374 F.3d 440, 452 (6th Cir. 2004) ("While a finding of collusion between the prosecution and deportation authorities would indicate that [Rule] 5(a) was violated, [the defendant] would not be entitled to have his indictment dismissed on that basis." (footnote omitted)).

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge